UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

City of Clinton, a political subdivision of the State of Minnesota,

Plaintiff,

vs.

MINUTE ORDER

Easy Heat, Inc.,

Defendant.

Civ. No. 01-535 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 1st day of August, 2001.

* * *

On July 31, 2001, the Court heard argument on the Defendant's Motion for Leave to File a Third-Party Complaint. At the time of the Hearing, the Plaintiff City of Clinton ("Clinton") appeared by William J. Watson, Esq., and the Defendant Easy Heat, Inc. ("Easy Heat"), appeared by Cory A. Kallheim, Esq. Clinton does not oppose the Motion and, for reasons expressed during the course of the Hearing, and briefly reiterated here, we grant the Defendant's Motion.

The facts of the case, which are pertinent to this Motion, reveal that Easy Heat manufactured an electrical cable radiant floor heating system which was installed in a multi-purpose city-

FILED AUG 01 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

owned building in Clinton. Clinton alleges that the heating system is defective, which is the basis for this suit. Easy Heat has learned, however, that Dallas I. Hanson Construction, Inc. ("Hanson"), was the general contractor for the building, and that David Budgett ("Budgett") installed the heating system as Dave's Electric. Easy Heat has also learned that Clinton previously initiated suit against Hanson, in State Court, alleging that it failed to construct the floor in a workmanlike manner, thereby causing damage.[1] Based on these facts, Easy Heat believes that Hanson and Budgett may share, or possess sole liability, for the claims that Clinton has asserted against Easy Heat. Therefore, Easy Heat seeks to add Hanson and Budgett as Third-Party Defendants, in accordance with Rules 14 and 15, Federal Rules of Civil Procedure, and Title 28 U.S.C. §1367.[2]

---

[1]We are informed that this case is still pending in State Court.

[2]Title 28 U.S.C. §1367 provides:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

(continued...)

The deadline for amending the pleadings is August 1, 2001. Therefore, in accordance with Rule 15, an amendment to the pleadings "shall be freely given when justice so requires." See, Rule 15, Federal Rules of Civil Procedure. Moreover, Easy Heat's claims against Hanson and Budgett appear to comply with the dictates of Section 1367, as they are arise in the same case or controversy as alleged in Clinton's Complaint. Further, since it is not the Plaintiff which is alleging claims against Hanson and Budgett, the claims are not barred by Section 1367(b). See also, Merchants Bank of Winona v. Hartford Acc. & Indem. Co., 377 F. Supp. 1344 (D. Minn. 1974). Thus, we find that this Court's jurisdiction over the Third-Party Complaint is appropriate, at this time, and the joinder of the two new Defendants will not destroy this Court's jurisdiction over the case. Therefore, we grant Easy Heat's Motion to File a Third-Party Complaint.

---

(...continued)

> Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [(jurisdiction based on diversity of citizenship)], the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure * * *.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motion for Leave to File a Third-Party Complaint [Docket No. 9] is GRANTED, and the Defendant shall promptly serve, and file, its Third-Party Complaint in accordance with the applicable Rules of Civil Procedure.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE